# CHARLESTON.

S. J. PARSLEY *v.* ÆTNA FIRE INSURANCE COMPANY
S. J. PARSLEY *v.* FIRE ASSOCIATION OF PHILADELPHIA

(Nos. 6098, 6099)

Submitted April 30, 1929.    Decided May 7, 1929.

*Vinson, Thompson, Meek & Renshaw* and *Fitzpatrick, Brown & Davis,* for plaintiffs in error.

*M. J. Ferguson, Wm. Earl Burgess* and *J. E. Hammock,* for defendant in error.

LITZ, JUDGE:

The plaintiff, S. J. Parsley, obtained a verdict and judgment of $1750.00 against the defendant in each of these cases (tried together) for loss by fire, August 30, 1925, of a store building and a stock of merchandise at Crum, West Virginia, under a fire insurance policy dated July 28, 1925.

Misrepresentation by the plaintiff in securing the policies, and failure on his part to comply with the iron safe clause, therein, are charged in the specifications of defense. The policies were issued through C. W. Thornburg and Robert E. Thornburg, of Huntington, doing business under the firm name of Thornburg Insurance Agency, as agents of defendants. Robert E. Thornburg and C. I. Thornburg, an employee of the Thornburg Insurance Agency, testify that Parsley stated to them at the time he applied for the insurance, that he had never had "any fires". C. W. Hutchinson, a business man of Huntington, says he was present and heard the statement. G. L. Pugh, a public stenographer, and Howard M. Welcher, Assistant State Fire Marshal, testify Parsley stated to them in an interview at Huntington a short while after the fire that he did not remember of having been questioned by C. I. Thornburg or Robert E. Thornburg, at the time of applying for the insurance, concerning previous fires, but that to have told them he had never had any fires, would have been true, because the properties lost in previous fires

were in the name of William Parsley & Company, a partnership, composed of his wife and son for whom he was manager. He denies emphatically the alleged representation to the Thornburgs and the statement attributed to him by Pugh and Welcher. The insurance companies having ascertained that Parsley had collected insurance on account of previous fires, the Thornburg Insurance Agency, at their direction, sent him notices by registered mail posted at Huntington, August 26, 1928, cancelling the policies, under a provision therein authorizing cancellation after five days written notice to the assured. The notices remained in the post office at Crum until after the fire.

The errors assigned involve the rulings of the trial court, refusing to direct a verdict for the defendants, and granting an instruction in behalf of the plaintiff. The defendants insist that the peremptory instruction, requested in their favor, should have been granted on the ground that the misrepresentation charged against the plaintiff has been clearly established by the decided weight and preponderance of the evidence. This contention is based not only upon the evidence of Robert E. and C. I. Thornburg, C. W. Hutchinson, G. L. Pugh and Howard M. Welcher, but especially upon alleged inconsistency between the testimony of the plaintiff in this record and his evidence given at a former trial. In brief of counsel for the defendants, it is stated: ''This action was twice tried, the first trial resulting in the disagreement of the jury. Upon such first trial Parsley stated, with reference to such representations to the Thornburg Insurance Agency: 'Q. I mean, now, in words and substance, didn't they inquire about whether or not you had had any fires? 'A. Well, I never had no fires. 'Q. I didn't ask you that. Answer my question. (Question read.) 'A. I don't remember that they did. 'Q. Is your recollection bad about that? 'Q. Well, do you remember that you did not? 'A. No, sir, I don't remember that I did or did not.' '' This statement of counsel is evidently based upon cross-examination of the plaintiff as follows: ''Q. When you testified on your oath, in the first trial of this case weren't you asked these questions and didn't you make these answers: 'I mean, now, in words or sub-

stance, didn't they inquire about whether or not you had had any fires,' and your answer was 'Well, I never had no fires.' 'Q. I didn't ask you that. Answer my question.' 'A. I don't remember that they did.' 'Q. Is your recollection bad about that? Well, do you remember that they did not?' 'A. No, sir, I don't remember that I did or did not.' Now, is your recollection any better now than it was on the first trial of this case? A. They told me to come back after dinner. They told me they didn't know whether they could write me or not. They never asked me no question like that. Q. Well, didn't you testify on the first trial of this case that you did not remember whether they did or did not ask you any such questions as that? A. I don't remember." There is no other reference in the record to the testimony of Parsley at the former trial, and this examination does not show what his previous evidence was on the issue under consideration.

The instruction for the plaintiff, complained of, reads: "The court instructs the jury, that in the absence of fraud and bad faith, the law requires of the insured only a reasonable and a substantial, and not necessarily a literal compliance with the requirements of his policy, and if you believe from the evidence in this case, that the plaintiff in this case, reasonably and substantially complied with the requirements of the two policies sued on, then you will find for the plaintiff for such amount as you believe him entitled to from the evidence, not exceeding the amount sued for in the declarations." The instruction is criticized mainly on the ground that it ignores the issue of fraud and misrepresentation, and was, therefore, calculated to mislead the jury on the vital issue in the cases. The plaintiff argues that, under the rule requiring instructions to be read and considered together, the defect complained of is supplied by instructions, fully presenting the issue, given on behalf of the defendants. In view of the binding effect of the instruction, and the strong proof tending to establish the alleged fraud, there should be no indulgence in its favor. "A binding instruction must be broad enough in its scope and effect to present all material phases of the issue to which it relates on which there is sufficient evidence. If by reason of its narrowness it obviously tends to mislead the jury, even

though correct as to one or more phases of the case, it is error to give it to the jury." *Graner* v. *Boring,* 105 W. Va. 505, 143 S. E. 232.

The judgments are reversed, verdicts set aside, new trials awarded the defendants.

*Judgments reversed; verdicts set aside; new trial awarded.*